MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

AMIE D. ROONEY (CABN 215324)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-0910
    FAX: (408) 535-5066
    Amie.Rooney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> JAMAL RAPHAEL BROUSSARD, ) <br> ) <br>     Defendant. ) <br> _____) | No. CR-13-0690-LHK <br><br> UNITED STATES' SENTENCING MEMORANDUM <br><br> Date: August 13, 2014 <br> Time: 9:30 a.m. <br> Courtroom 8 |

      Plaintiff United States of America, by and through its undersigned counsel, the United States Attorney's Office for the Northern District, hereby submits its position regarding sentencing of defendant JAMAL RAPHAEL BROUSSARD ("Defendant") pursuant to Rule 32(b)(6)(B) of the Federal Rules of Criminal Procedure. This position is based on the attached Memorandum, the Pre-Sentence Report ("PSR"), the files and records of this case, and any argument to be presented at the sentencing hearing.

USA SENTENCING MEMORANDUM
CR13-0690 LHK                        1

## BACKGROUND FACTS AND PROCEDURE

On October 17, 2013, a six-count Indictment was filed in the Northern District of California charging the defendant with two violations of 18 U.S.C. §§ 1591(a)(1) and (2) and 1594(a), Sex Trafficking of Children (Counts 1 and 2), two violations of 18 U.S.C. §§ 2423(a) and (d), Transportation of Minors for Prostitution (Counts 3 and 4), and two violations of 18 U.S.C. §§ 2422(a) and (b), Coercion and Enticement for Prostitution (Counts 5 and 6). Defendant was arrested at his home in Hercules, CA on October 30, 2013, and was arraigned before the magistrate judge that same day and ordered detained. On April 30, 2014, Defendant pled guilty to Counts 3 and 4 pursuant to a plea agreement with the government under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. In connection with this guilty plea, Defendant agreed to jointly recommend a sentence of 144 months imprisonment and pay restitution to the victims as ordered by the Court at sentencing. For its part, the government agreed that it would dismiss the remaining counts, including Counts 1 and 2 which each carry a mandatory minimum term of 15 years imprisonment, at the time of sentencing.

## **GUIDELINES CALCULATION**

While the guidelines are only advisory, the Court is still required to determine the accurate sentencing guidelines calculation and consider them as part of the 3553(a) factors. The Probation Office has determined that defendant's adjusted offense level is 31. This calculation is arrived at in the following manner:

| | | | |
|---|---|---|---|
| Base Offense Level : | | 28 | [U.S.S.G. § 2G1.3(a)(3)] |
| Specific Offense Characteristics | | | |
| Misrepresentation of Identity : | | +2 | [U.S.S.G. § 2G1.3(b)(2)(b)] |
| Use of a computer : | | +2 | [U.S.S.G. § 2G1.3(b)(3)(A)] |
| Commercial Sex Act : | | +2 | [U.S.S.G. § 2G1.3(b)(4)(B)] |
| Acceptance of Responsibility : | | <u>-3</u> | [U.S.S.G. § 3E1.1(a) and (b)] |
| Adjusted Offense Level : | | 31 | |

USA SENTENCING MEMORANDUM
CR13-0690 LHK                    2

(PSR ¶¶ 42-52). Defendant's criminal history score is five, and his criminal history category is III. (PSR ¶¶ 56-60). Thus, the advisory guidelines range for a recommended sentence is 135 to 168 months. (PSR Guideline Summary). The government agrees with the PSR's findings and calculations, with the exception of its finding on restitution as discussed herein.

**GOVERNMENT'S POSITION REGARDING SENTENCE**

Probation has recommended that Broussard should be sentenced to 144 months incarceration, plus 5 years of supervised release. The government agrees with the Probation Office that Defendant's crimes are extremely serious and warrant this significant period of incarceration. Pursuant to Title 18, United States Code Section 3553(a), the Court must impose a sentence sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence to criminal conduct, protect the public from further crimes by the defendant, and provide the defendant with correctional treatment. These factors warrant a significant period of incarceration.

The United States respectfully requests this Court accept the plea agreement submitted under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The parties have agreed to a binding sentence above the 10 year mandatory minimum, but closer to the low-end of the applicable guidelines range, which in this case would be 144 months imprisonment, 5 years of supervised release (with conditions to be fixed by the Court), a fine to be determined by the Court, and a $200 special assessment. Such a sentence is within the advisory range of 135 - 168 months as identified by the Probation Office, and reflects, in the opinion of the government, a sentence that is sufficient, but not greater than necessary, to achieve the purposes of sentencing. Consequently, the government recommends that this Court accept the binding agreement and sentence Mr. Broussard to 144 months imprisonment followed by 5 years of supervised release.

**GOVERNMENT'S POSITION REGARDING RESTITUTION**

The Victims of Trafficking and Violence Protection Act incorporates the Trafficking Victims Protection Act of 2000 ("TVPA"). *See* 22 U.S.C. § 7101 et seq. (2008). The restitution provision

of the TVPA, 15 U.S.C. § 1593 provides for mandatory restitution to victims,[1] "in addition to any other civil or criminal penalties authorized by law," and notwithstanding the provisions of MVRA. *See* 18 U.S.C. § 1593(a) (2008). Under the TVPA, victims of forced prostitution can obtain monetary restitution, even if the victims' earnings were derived from illegal conduct. *See United States v. Mammedov*, 304 Fed. Appx. 922, 926 (2d Cir. Dec. 30, 2008) ("Even if they engaged in illegal conduct, the women involved here were still . . . victims."). Also, orders of restitution under the TVPA are to be issued and enforced in accordance to the provisions of the MVRA. The TVPA focuses on how to calculate the victim's economic losses. As a result, when it comes to lost income, "the term 'full amount of the victim's losses' . . . shall . . . include the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act." 18 U.S.C. § 1593(b)(3). Thus, where the value of the victim's labor to the defendant cannot be easily determined (such as in the case of forced prostitution), restitution can be awarded by calculating the defendant's ill-gotten gains. *See United States v. Kuo*, 620 F.3d 1158, 1164 (9th Cir. 2010).

It is not mandatory that the restitution amount be set at sentencing. The MVRA provides that if the court is informed by the U.S. Attorney or the probation officer that the amount of a victim's losses is not ascertainable ten (10) days prior to sentencing, the court shall set a date for a final determination within ninety (90) days of sentencing. These deadlines, however, are not mandatory. The courts have held that expiration of this ninety (90) day period does not bar entry of a restitution order so long as it was clear at the time of sentencing that restitution in some amount would be required and that the defendant would not be prejudiced by a later setting of the restitution amount.[2] The courts have decided that the purpose of the ninety (90) day period was to protect the victims from a drawn out sentencing process and the defendant's

---

[1] *See U.S. v. Palmer*, 643 F.3d 1060, 1066 (8th Cir. 2011) (concluding that the defendants convicted of commercial sex trafficking of a child were required to pay mandatory restitution under MVRA).

[2] *See, e.g., Dolan v. United States*, 130 S. Ct. 2533, 177 L.Ed.2d 108 (2010); *United States v. Moreland*, 622 F.3d 1147 (9th Cir. 2010); *United States v. Pickett*, 612 F.3d 147 (2d Cir. 2010).

USA SENTENCING MEMORANDUM
CR13-0690 LHK                4

dissipation of his assets, not to protect the defendants. *See Pickett*, 612 F.3d at 149.

In addition, the MVRA gives victims the opportunity to re-open the restitution order after sentencing. The statute provides that if a victim subsequently discovers that he or she has suffered further losses not previously disclosed to the court, the victim has sixty (60) days from the discovery of those losses to apply to the court for an amended restitution order. The court must find that good cause exists for the failure of those losses to be included in the initial claim. *See* 18 U.S.C. § 3664(d)(5).

The government has made efforts to have the named victims submit documentation to substantiate their losses, but both minor victims appear unwilling or unable to deal with this issue directly at this time and have not submitted any statements or documentation. Such avoidance behavior is not surprising from girls of this age who have been subjected to this sort of victimization.

The government anticipates that it can satisfy its burden, however, by reference to the Defendant's bank records which were produced pursuant to subpoena (and which were previously provided in discovery to the Defendant and U.S. Probation), and provide the Court with a conservative estimate of the Defendant's ill-gotten gains from his criminal behavior and victimization of these minors. Both minor victims have stated that while they were engaged in their travel around the country to engage in prostitution, they were required to send the money they earned back to Defendant either via money-gram or direct deposit into his various accounts. During its investigation, the government was only able to locate one Bank of America account in Defendant's name, and the evidence (in the form of deposit slips and statements) corroborates the victims' statements that they made deposits of various amounts into Defendant's account while in other states.[3] The government's initial estimate at this time is that over $72,000 was deposited in this fashion into Defendant's Bank of America account during the relevant time period, and many of the deposit slips associated with these transactions bear the initials or signatures of the minor victims. The government requests a further hearing following sentencing to allow the

---

[3] The same evidence also demonstrates that it was through this Bank of America account that Defendant was purchasing the airline and bus tickets being used to facilitate the transportation of the girls to the various states.

USA SENTENCING MEMORANDUM
CR13-0690 LHK                5

government to present this documentary evidence to the Court and provide sufficient time for the Defendant to respond.[4]  Defendant has agreed under the terms of his plea agreement to provide restitution in an amount to be determined by the Court, but in no event less than $5000.00 per victim.  *See* Broussard Plea Agreement, ¶ 10.

## **CONCLUSION**

For all of these reasons, the government respectfully recommends that this Court sentence the defendant to the low-end of the advisory guideline range, or 144 months in custody, and 5 years of supervised release.  Such a sentence would be sufficient but not greater than necessary to address the defendant's criminal activities.  The government also requests that a further hearing be set to address the issue of the amount of restitution to be paid to the victims.

Respectfully submitted,

MELINDA HAAG
United States Attorney

Dated: August 6, 2014

/s/
AMIE D. ROONEY
Assistant United States Attorney

---

[4] As the Court knows, the issuance of a restitution order under the MVRA or TVPA is mandatory. *See* § 2259(b)(4)(A). Unlike with a fine, a court may not decline to issue an order under this section because of the economic circumstances of the defendant. *See* § 2259(b)(4)(B)(i).  But a restitution order "may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments." § 3664(f)(3)(B); *see United States v. Lewis*, 791 F. Supp. 2d 81, 95 (D.D.C. 2011) (finding it appropriate to require only nominal periodic payments in satisfaction of the restitution order because of the defendant's limited financial ability); *see also United States v. Olivieri*, No. 09-743 (WHW), 2012 WL 1118763 (D.N.J. Apr. 3, 2012) (permitting the defendant to participate in an inmate financial responsibility program through which he could make payments in equal monthly installments of $50).