UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES, | Case No. 13-CR-00690-LHK |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO RECONSIDER SENTENCE** |
| v. | Re: Dkt. No. 29 |
| BROUSSARD, | |
| Defendant. | |

Before the Court is Defendant Jamal Broussard's "Motion for Consideration Pursuant to 18 U.S.C. § 3553(a) and 18 U.S.C. § 3582(b). ECF No. 29 ("Mot."). In the motion, Defendant asks the Court to "reconsider" his 144 month sentence for transportation of minors to engage in criminal sexual activity "in light of his post-conviction behavior." Mot. at 4. Specifically, Defendant states that since his conviction, Defendant has "been involved with positive [i]nstitutional programming" such as "Adult Continuing Education (ACE) Courses" and "has not been a disciplinary problem." Mot. at 2–3. On the basis of this post-conviction behavior, Defendant seeks reconsideration of his sentence "pursuant to 18 U.S.C. [§] 3553(a) & [§] 3582(b)." *Id.* at 1.

However, for the reasons stated below, neither § 3553(a) nor § 3582(b) is an appropriate

basis to reduce Defendant's sentence. First, pursuant to Defendant's binding plea agreement, Defendant waived his right to "seek relief under 18 U.S.C. § 3582." Plea Agreement ¶ 5. "A defendant may validly waive constitutional and statutory rights as part of the plea bargaining process." *United States v. Ruiz-Guzman*, No. 01-440-HA-01, 2007 WL 1362349, at *1 (D. Or. May 4, 2007). Defendant's waiver of his statutory rights was made freely and knowingly. Because Defendant has waived his right to seek relief under 18 U.S.C. § 3582, the Court will not consider this ground for relief.

Defendant's second ground for relief, 18 U.S.C. § 3553, is inapposite. Section 3553 merely sets forth the factors that a district court must consider in imposing a sentence. The Court fully considered these factors on August 13, 2014 at the time of sentencing, which was the appropriate time to do so. ECF No. 27. Section 3553 does not provide a defendant the right to challenge a sentence after it has been imposed. Therefore, 18 U.S.C. § 3553 cannot serve as a basis for reconsidering Defendant's sentence.

Moreover, the fact that since his conviction, Defendant has "been involved with positive [i]nstitutional programming" such as "Adult Continuing Education (ACE) Courses" and "has not been a disciplinary problem," Mot. at 2–3, does not warrant a reduction in his sentence.

For the foregoing reasons, Defendant's motion for reconsideration of his sentence is DENIED.

**IT IS SO ORDERED.**

Dated: November 29, 2016

_____
LUCY H. KOH
United States District Judge

2
Case No. 13-CR-00690-LHK
ORDER DENYING MOTION TO RECONSIDER SENTENCE